O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO JAVIER AMADOR,<br>Petitioner,<br>v.<br>DHS, et al.<br>Respondents. | Case No. 5:26-cv-01139-SSS-KES<br><br>ORDER ACCEPTING REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Petition (Dkt. 7), the other records on file herein, and the Report and Recommendation of the U.S. Magistrate Judge (Dkt. 19). Further, the Court has engaged in a de novo review of those portions of the Report and Recommendation to which objections (Dkt. 20) have been made.

The Report and Recommendation ("Report") recommends that the Court grant the Petition and order Petitioner be released from immigration custody. [Dkt. 19]. Respondents' objections to the Report do not merit a different result.

Respondents object that 8 U.S.C. § 1226(e) forecloses prospective collateral review of any future detention decision. [Dkt. 20 at 6-7]. Section 1226(e) provides

that "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." But Section 1226(e) "did not strip federal courts of traditional habeas jurisdiction. . . . [It] restricts jurisdiction only with respect to the executive's exercise of discretion, but that discretionary judgment does not include constitutional claims or questions of law." *Martinez v. Clark*, 124 F.4th 775, 781-82 (9th Cir. 2024). Section 1226(e) does not bar judicial review where, as here, "Petitioner's claim is a challenge to the constitutionality of Petitioner's imminent redetention." *Qazi v. Albarran*, 2025 WL 3033713, at *3 (E.D. Cal. Oct. 10, 2025). Thus, judicial review is not foreclosed by 8 U.S.C. § 1226(e).

Respondents object that the remedy on its face encroaches on territory foreclosed by 8 U.S.C. § 1252(g). [Dkt. 20 at 7-9]. Section 1252(g) provides that, notwithstanding the habeas statute of 28 U.S.C. § 2241, "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." But "[t]he Supreme Court has given a 'narrow reading' to § 1252(g)." *Ibarra-Perez v. United States*, 154 F.4th 989, 996 (9th Cir. 2025) (citing *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 487 (1999)). "The provision applies only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.' " *Ibarra-Perez*, 154 F.4th at 996 (quoting *Reno*, 525 U.S. at 482). Here, Petitioner does not challenge a decision involving removal. "Therefore, 8 U.S.C. § 1252(g) does not apply here and this Court does have jurisdiction to consider Petitioner's challenge to his re-detention." *Hasiholan v. Zoley*, 2026 WL 263645, at *3 (C.D. Cal. Jan. 20, 2026) (citing cases).

Respondents object that the recommended relief is overbroad as to the parties because Petitioner's immediate physical custodian is the only proper Respondent. [Dkt. 20 at 9]. But in the immigration detention context presented here, Petitioner seeks "relief that [his] immediate custodian would be unable to provide. The Court thus finds the immediate custodian inapplicable to this case." *Rivera v. Holder*, 307 F.R.D. 539, 544 n.1 (W.D. Wash. 2015) (declining to apply the immediate custodian rule in the immigration detention context) (citing cases).

Respondents object that the recommended remedy fails the Supreme Court's narrow-tailoring rule. [Dkt. 20 at 9-11]. The Supreme Court has emphasized that "an injunction must be couched in the narrowest terms that will accomplish the pin-pointed objective of the injunction." *Madsen v. Women's Health Ctr., Inc.*, 512 U.S. 753, 767 (1994). The Ninth Circuit likewise has emphasized that "[a]n injunction must be narrowly tailored to remedy the specific harm shown." *E. Bay Sanctuary Covenant v. Barr*, 934 F.3d 1026, 1029 (9th Cir. 2019) (citation omitted). Here, the specific harm shown is not only Petitioner's re-detention, but also "a concrete risk of re-detention" without legally required process. *Yang v. Scott*, 2026 WL 632661, at *5 (W.D. Wash. Mar. 6, 2026). The habeas "statute does not limit the relief that may be granted to discharge of the applicant from physical custody. Its mandate is broad with respect to the relief that may be granted." *Carafas v. LaVallee*, 391 U.S. 234, 239 (1968). Under its mandate, the Court finds it appropriate to grant a prospective remedy enjoining future re-detention absent legally required process.

Respondents object that the relief, if any, should be limited to a bond hearing. [Dkt. 20 at 11-14]. But "a post-detention bond hearing is insufficient to cure a violation of procedural due process arising from detention without a pre-deprivation hearing." *Gudavasov v. Marin*, 2026 WL 712827, at *3 (C.D. Cal. Mar. 9, 2026) (citing cases); *see also Kun v. Janecka*, 2026 WL 931541, at *5 (C.D Cal. Apr. 3, 2026) ("The Court finds persuasive the weight of authority that rejects the argument

that the appropriate relief for this due process violation is a post-deprivation hearing.") (citing cases). The Court agrees with the Report that release "restores the status quo that was in effect before Respondents violated Petitioner's due process rights." [Dkt. 19 at 10].

The Court accepts the report, findings, and recommendations of the Magistrate Judge.

IT IS THEREFORE ORDERED that:

1. Judgment shall be entered granting Grounds 1 and 2 of the Petition and denying Ground 3 without prejudice to Petitioner's counsel filing a motion to recover fees under the Equal Access to Justice Act.

2. Respondents shall **immediately release** Francisco Javier Amador (A# 240-221-208) from custody.

3. If Respondents have not released Petitioner **within three days** of the date of this order, Petitioner may file a request for an order to show cause re contempt.

4. Petitioner is a *Maldonado Bautista*[1] class member who is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

5. Respondents shall not re-detain Petitioner without providing him a pre-detention hearing before a neutral decisionmaker where Respondents bear the burden of demonstrating by clear and convincing evidence that (a) Petitioner is a flight risk or a danger such that his physical custody is required, or (b) on account of changed circumstances, there

\\

\\

\\

\\

---

[1] *Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025).

is a significant likelihood that Petitioner may be removed in the reasonably foreseeable future.

DATED: July 22, 2026

SUNSHINE SUZANNE SYKES
UNITED STATES DISTRICT JUDGE